**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Irma Fitz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FITZ. individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>AMERICAN TAX SERVICE, LLC,<br><br>                              Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C §§ 227, ET SEQ. (TCPA)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

- 1 -
CLASS ACTION COMPLAINT

**INTRODUCTION**

1.     Plaintiff Irma Fitz ("Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit challenging the unlawful actions of Defendant American Tax Service, LLC (referred to as "Defendant"). Defendant negligently, knowingly, and/or willfully placed unsolicited calls to Plaintiff and the putative class members utilizing an artificial and/or prerecorded voice without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Plaintiff seeks damages, injunctive relief, and any other available legal or equitable remedies for all persons injured by Defendant's unlawful conduct.

2.     Plaintiff alleges as follows, upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3.     This case is brought to enforce the consumer privacy provisions afforded by the TCPA, a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

4.     In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

5.     As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

---

[1]     Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

CLASS ACTION COMPLAINT

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call made using an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

6.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

7.     With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or

CLASS ACTION COMPLAINT

constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

8. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

9. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

10. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13; see also, *Mims*, 132 S. Ct. at 744.

CLASS ACTION COMPLAINT

11. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

13. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

14. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

15. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

16. This Court has federal question subject matter jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

17. Personal jurisdiction is established because Defendant conducts business

- 5 -

in the State of California. At all times relevant herein, Defendant conducted business in the State of California, and within this judicial district.

18. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein occurred within this judicial district; and (2) Defendant conducted business within this judicial district at all times relevant. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on her cellular telephone utilizing an artificial and/or prerecorded voice message without Plaintiff's consent while Plaintiff resided within this judicial district.

19. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

    a) Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    b) Defendant does substantial business within this district;

    c) Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed itself of the laws and markets within this district; and,

    d) The harm to Plaintiff originated from within this judicial district.

## PARTIES

20. Plaintiff is, and at all times mentioned herein is a citizen and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

21. Defendant is a Limited Liability Company organized under the laws of the State of Wyoming with a principal place of business located in Cheyenne, Wyoming. Defendant is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(39).

- 6 -
CLASS ACTION COMPLAINT

22.    Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within this judicial district.

23.    Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## FACTUAL ALLEGATIONS

24.    Defendant is a company that provides personal and business loans to consumers.

25.    In Defendant's overzealous attempt to market its services, however, Defendant willfully or knowingly conducted (and continues to conduct) unsolicited phone calls utilizing an artificial and/or prerecorded voice without the prior express written consent of Plaintiff and the Class members who are the recipients of such calls.

26.    Through this conduct, Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and invaded the privacy of Plaintiff and the members of the Class.

27.    At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

28.    Defendant is, and at all times mentioned herein was, a company and a "person," as defined by 47 U.S.C. § 153(39). Upon information and belief, Defendant made numerous unsolicited telephone calls, including calls utilizing an artificial or pre-recorded voice message, to Plaintiff and the Class members.

29.    At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

- 7 -

CLASS ACTION COMPLAINT

30. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number of ending in 1221 ("Cell Phone"). Plaintiff is the sole user and/or subscriber of her Cell Phone.

31. Defendant has made numerous call solicitations to Plaintiff on her Cell Phone.[2]

32. On June 17, 2025, at approximately 11:02 A.M., Defendant placed a call and left a prerecorded voice message on the Plaintiff's Cell Phone from the Defendant's telephone number +1(507) 900-0595. The prerecorded voice message stated, "Hi Erica Johnson from valor financial services here I'm calling you at 833-354-3171. Our file shows you have some outstanding back taxes with the fresh start program. You can completely wipe out those taxes regardless of the amount owed. It's a very, very fast single step enrollment process that puts you at ease and I'll keep your file open until the end of this week so you can enroll and be done with…"

33. At no point did Plaintiff provide prior express consent for any telemarketing calls or calls utilizing an artificial or prerecorded voice from Defendant.

34. Plaintiff did not provide Defendant with her cellular telephone number at any point in time, nor did she give permission for Defendant to make telemarketing calls or calls utilizing an artificial or prerecorded voice to Plaintiff's Cell Phone.

35. Plaintiff did not have an established business relationship with Defendant during the time of the telephone calls from Defendant.

36. Plaintiff did not have a personal relationship with Defendant at any point in time.

37. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to make calls to Plaintiff's cellular telephone for marketing or

---

[2] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on July 8, 2025: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

CLASS ACTION COMPLAINT

solicitation purposes, or make calls utilizing an artificial or prerecorded voice.

38.     Upon information and belief, Defendant made substantially similar, if not identical, unsolicited calls utilizing an artificial or prerecorded voice *en masse* to Plaintiff and thousands of other consumers in violation of the TCPA.

39.     Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

40.     Upon information and belief, Defendant did not make the telephone solicitations in error.

41.     Each of the unsolicited telephonic communications by Defendant and/or their agents utilizing an artificial or prerecorded voice without the recipient's consent violated 47 U.S.C. § 227(b)(1).

42.     Receiving Defendant's unauthorized calls and prerecorded voice messages drained Plaintiff's phone battery, consumed space on Plaintiff's Cell Phone, invaded Plaintiff's privacy, was a nuisance and caused aggravation, and caused Plaintiff additional electric expenses and wear and tear on Plaintiff's phone and battery.

43.     Through this conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

44.     Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant and/or their agents continued to make unsolicited and unauthorized calls utilizing an artificial or prerecorded voice to Plaintiff's Cell Phone.

45.     The cumulative effect of unsolicited phone messages like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

46.     Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant and/or its agents continued to

CLASS ACTION COMPLAINT

direct unsolicited and unauthorized phone calls to Plaintiff's Cell Phone.

47. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of her Cell Phone by forcing Plaintiff to listen to, ignore, or reject Defendant's disruptive calls, pre-recorded voice messages, dismiss alerts, and/or silence her cellular phone as a result of Defendant's telephone calls.

48. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant made the unsolicited calls utilizing an artificial or prerecorded voice to Plaintiff's Cell Phone without her consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

49. Defendant's violations caused Plaintiffs to suffer real and concrete harm in the form of intrusion and distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

50. Through the aforementioned conduct, Defendant violated the TCPA.

## STANDING

51. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v.*

CLASS ACTION COMPLAINT

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### The "Injury in Fact" Prong

52. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

53. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant made an unsolicited call to Plaintiff's cellular telephone utilizing an artificial and/or prerecorded voice without Plaintiff's consent. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

54. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy and peace by calling Plaintiff's cellular telephone utilizing an artificial and/or prerecorded voice without Plaintiff's consent. Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by receiving the unsolicited call and listening to the prerecorded voicemail. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

### The "Traceable to the Conduct of Defendant" Prong

55. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

56. The above-mentioned communications were directly and explicitly linked to Defendant. These communications are the sole source of Plaintiff's and the Class's injuries and are directly traceable to Defendant. Therefore, Plaintiff has illustrated facts that show that her injuries are traceable to the conduct of Defendant.

CLASS ACTION COMPLAINT

***The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

57. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

58. In the present case, Plaintiff's Request for Relief includes a request for injunctive relief and statutory damages for each unsolicited call from Defendant utilizing an artificial and/or prerecorded voice without Plaintiff's consent, as authorized by statute in 47 U.S.C. § 227. The injunctive relief and statutory damages were created by Congress and specifically redress the damages suffered by Plaintiff and the members of the putative class.

59. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class (the "Class"), which is defined as follows:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received any telephone calls from or on behalf of Defendant, made to said person's cellular telephone number utilizing an artificial and/or prerecorded voice, without prior express consent from such person to receiving such calls, within the four years prior to the filing of this action.

61. Excluded from the Class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

62. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

63. Further, Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones,

- 12 -

CLASS ACTION COMPLAINT

whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members, thereby causing annoyance to Plaintiff and the Class. Plaintiff and the Class members were damaged thereby.

64. Numerosity: Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable. The exact number of the members of the Class is unknown to Plaintiff at this time, and can (and will) be determined through appropriate discovery. However, given that, on information and belief, Defendant called Plaintiff and thousands of other Class members nationwide during the Class Period utilizing an artificial and/or prerecorded voice without consent, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

65. Ascertainability: The members of the Class are ascertainable because the Class is defined by reference to objective criteria. In addition, the members of the Class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

66. Typicality: As a person who received calls from Defendant utilizing an artificial and/or prerecorded voice without Plaintiff's consent, and who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express consent to receive such telephone calls, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

67. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has had to suffer the burden and invasion of privacy of receiving unsolicited calls utilizing an artificial or prerecorded voice to her cellular telephone from Defendant. Thus, her injuries are typical to Class Members.

- 13 -

CLASS ACTION COMPLAINT

68. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice and procedure on the part of Defendant.

69. Plaintiff's claims are based on the same theories, as are the claims of the members of the Class.

70. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally placing calls to their cellular phones utilizing an artificial and/or prerecorded voice without prior express consent. Plaintiff and the Class were damaged thereby.

71. Adequacy: Plaintiff is qualified to and will fairly and adequately protect the interests of the members of the Class with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class. Plaintiff will vigorously pursue the claims of the members of the Class. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling clams involving consumer actions and violations of the TCPA. Plaintiff's counsel will assert, protect and otherwise represent the members of the Class. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

72. Predominance: The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

CLASS ACTION COMPLAINT

73. <u>Commonality</u>: There are common questions of law and fact as to all members of the Class, including but not limited to the following:

- Whether Defendant initiated unsolicited phone calls, including calls utilizing an artificial or pre-recorded voice, to Plaintiff and Class members;

- How Defendant obtained the numbers of Plaintiff and Class members;

- Whether Defendant can meet its burden of showing that it had prior express written consent to conduct such phone calls;

- Whether Defendant willfully or knowingly violated the TCPA;

- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

- Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

- Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

- Whether Plaintiff and the Class are entitled to any other relief.

99. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

- The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

- The pursuit of separate actions by individual members of the Class

- 15 -

CLASS ACTION COMPLAINT

could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

- The damages suffered by each individual member of the Class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

100. Defendant has acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

101. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

102. A class action is a superior method for the fair and efficient adjudication

CLASS ACTION COMPLAINT

of this controversy. Class-wide damages are essential to induce Defendant to comply with applicable law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

103. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

104. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227, ET SEQ.

105. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

106. Defendant and/or its agents placed unsolicited calls utilizing an artificial or prerecorded voice without consent to Plaintiff and the other members of the Class.

107. Defendant made these unsolicited calls utilizing an artificial or pre-recorded voice *en masse* without the consent of Plaintiff and the other members of the Class.

108. Defendant's conduct was negligent, willful or knowing.

109. Defendant knew or should have known that it did not have prior express written consent to send these communications in violation of the TCPA.

110. Defendant negligently, willfully, and/or knowingly allowed unsolicited calls utilizing an artificial or prerecorded voice, and prerecorded voice messages, to be sent to Plaintiff and Class members. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express

- 17 -

CLASS ACTION COMPLAINT

written consent to contact Plaintiff and/or Class members utilizing an artificial or prerecorded voice, yet disregarded such information and sent the illegal and unwanted solicitations to Plaintiff and the Class.

111. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

112. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's violations, Plaintiff and each of the Class Members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and an award of $1,500.00 in statutory damages for each and every willing or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

113. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by making calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number without prior express written consent.

114. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2), Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

115. Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

- Statutory damages of $500.00 for Plaintiff and each member the Class for

- 18 -

each and every one of Defendant's violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendant's willful or knowing violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(C);

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

- Pre-judgment and post-judgment interest on monetary relief; and

- All other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

116.   Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues so triable.


Dated: October 22, 2025                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By:   */s/ Mona Amini*
         Abbas Kazerounian, Esq.
         David J. McGlothlin, Esq.
         Mona Amini, Esq.
         Gustavo Ponce, Esq.
         *Attorneys for Plaintiff*

- 19 -

CLASS ACTION COMPLAINT